IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANDALL PRUITT,

    Plaintiff,

v.                                                                 Civ. No. 19-442 KG-KK

FRED VAN SOELEN, *et al*,

    Defendants.

ORDER OF DISMISSAL

    This matter is before the Court following Plaintiff's failure to file an amended civil rights complaint. Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. He initiated this action on May 13, 2019 by filing a 42 U.S.C. § 1983 Complaint. (Doc. 1). The original complaint raised Section 1983 claims against the judge and prosecutor involved in his state criminal case. Plaintiff then filed a motion to amend along with an Amended Complaint. (Docs. 9, 12). The Amended Complaint appears to be a copy of the original pleading. (Doc. 12) at 1. On June 25, 2020, Plaintiff filed another motion for leave to amend. (Doc. 16). The Court granted leave to file a second amended complaint by August 16, 2020. (Doc. 17). Plaintiff was warned that if he "fail[ed] to timely amend, the Court may dismiss the case without prejudice for failure to prosecute." *Id.* at 1.

    Rather than complying, Plaintiff filed a third motion seeking an extension to file an amended complaint. (Doc. 20). The Court extended the deadline to amend through October 9, 2020. (Doc. 21) at 1. However, Plaintiff was warned he would not receive further extensions, and the case would be dismissed if he failed to timely submit his amended pleading. *Id.*

Plaintiff did not file an amended complaint by October 9, 2020, or otherwise respond to the most recent order.  Hence, the Court will dismiss this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with Orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the … court's orders.").  The dismissal is without prejudice to refiling, and based on the record, will not impact the statute of limitations.[1]  If Plaintiff refiles his case, he should use the official Section 1983 form.

   IT IS ORDERED:

   1.  Plaintiff's Amended Civil Rights Complaint (Doc. 12) is dismissed without prejudice for failure to prosecute.

   2.  The Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Section § 1983 violations occurring in New Mexico are governed by the three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978).  *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014).  Plaintiff wishes to sue the judge and prosecutor who allegedly made a sentencing error in 2005 or 2009; Plaintiff allegedly discovered the error in March 2019.  (Doc. 12) at 2.  Assuming without deciding the discovery rule applies, the statute of limitations will not expire until March of 2022.