IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RANDALL PRUITT,

    Plaintiff,

v.                                                                                                Civ. No. 19-0442 KG-KK

FRED VAN SOELEN,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Plaintiff's Motions to Reconsider. (Docs. 24, 25). Plaintiff is incarcerated and proceeding *pro se*. He asks the Court to reconsider its ruling dismissing his civil rights action without prejudice for failure to prosecute and comply with Orders. Having considered the record and applicable law, the Court will deny both Motions.

I. *Background*

       Plaintiff initiated this action on May 13, 2019 by filing a 42 U.S.C. § 1983 Complaint. (Doc. 1). The original complaint raises Section 1983 claims against the judge and prosecutor involved in his state criminal case. Plaintiff then filed a motion to amend along with an Amended Complaint. (Docs. 9, 12). The Amended Complaint appears to be a copy of the original pleading. (Doc. 12) at 1. On June 25, 2020, Plaintiff filed another motion for leave to amend. (Doc. 16). The Court granted leave to file a second amended complaint by August 16, 2020. (Doc. 17). Plaintiff was warned that if "fail[ed] to timely amend, the Court may dismiss the case without prejudice for failure to prosecute." *Id.* at 1.

       Rather than complying, Plaintiff filed a third motion seeking an extension to file an

amended complaint. (Doc. 20). The Court extended the deadline to amend through October 9, 2020. (Doc. 21) at 1. However, Plaintiff was warned he may not receive further extensions, and the case may be dismissed if he failed to timely submit his amended pleading. *Id.* Plaintiff did not comply by the October 9, 2020 deadline or otherwise respond to the Order.

On October 23, 2020, the Court dismissed this case without prejudice pursuant to Fed. R. Civ. P. 41(b). (Doc. 22) (Dismissal Order). That rule permits "courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the … court's orders." *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). About two weeks later, on November 5, 2020, Plaintiff filed the Motions to Reconsider. (Doc. 24, 25). He alleges the Northeast New Mexico Detention Facility was on lockdown between October 3 and October 29, 2020. (Doc. 25) at 2. He also states his father passed away in September of 2020. (Doc. 24) at 1. Plaintiff filed a Proposed Amended Complaint in the closed case on November 6, 2020. (Doc. 26).

*II. Discussion*

A motion to reconsider filed within twenty-eight days after entry of the final judgment is generally analyzed under Fed. R. Civ. P. 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008). Grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has considerable discretion in deciding whether to reconsider a judgment under Rule 59(e). *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Plaintiff does not point to new law or evidence, nor has he demonstrated injustice. The

Dismissal Order was entered without prejudice. (Doc. 22) at 2. Plaintiff can file a new case if he wishes to assert his claims. Even if the Court was inclined to reopen based on the difficult circumstances Plaintiff encountered in the fall of 2020, his proposed amended complaint would not survive initial review. The Complaint consists of 152 pages and does not contain a short, plain statement of the grounds for relief, as required by Fed. R. Civ. P. 8(a).

In addition, the only Defendants are former District Attorneys Fred Van Soelen and Matthew Chandler and the Ninth Judicial District Attorney's Office. (Doc. 26) at 5-6. Plaintiff alleges Van Soelen and Chandler pursued an illegal sentence. *Id.* at 7. They also purportedly presided over later post-conviction challenges when they became judges. *Id.* at 7, 12. These civil claims fail, regardless of whether Plaintiff sues Defendants in their capacity as prosecutors or judges. District attorneys are also absolutely immune from suit for actions "taken in connection with the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This includes initiating a prosecution, presenting the State's case, evaluating evidence, and - as relevant here - participating in sentencing proceedings. *See Nielander v. Board of County Comm'rs.*, 582 F.3d at 1164; *Blair v. Osborne*, 777 Fed. App'x 926, 929 (10th Cir. 2019) (immunity applies to prosecutor's improper "statements at the sentencing hearing"). Judges are similarly immune from suit unless they "act[] clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). Finally, even if Plaintiff can overcome immunity, the Proposed Amended Complaint is barred by *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* holds that the Federal Court must dismiss a § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction. *Id.* at 487. Compensating Plaintiff for an illegal sentence would certainly imply that the state

criminal judgment is invalid. *See Denney v. Werholtz*, 348 Fed. App'x 348, 351 (10th Cir. 2009) (*Heck* bars Section 1983 claim challenging an "indeterminate [state] sentence").

For these reasons, the Court declines to reopen this case to consider the untimely Proposed Amended Complaint (Doc. 26). The Motions to Reconsider (Doc. 24, 25) will be denied. Plaintiff may file a new Section 1983 complaint, as the dismissal was without prejudice. However, Plaintiff may instead wish to file a 28 U.S.C. § 2254 habeas petition. Section 2254 is the proper vehicle for challenging a state sentence. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The Clerk's Office will mail Plaintiff a blank Section 2254 petition, if he wishes to pursue habeas relief.

IT IS ORDERED:

1. Plaintiff's Motions to Reconsider (Docs. 24, 25) are denied.

2. The Clerk's Office shall mail Plaintiff a blank Section 2254 habeas petition.

_____
UNITED STATES DISTRICT JUDGE